## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

RAY A. EDDINGTON, #154212,

        Petitioner,

                                   CASE NO. 05-CV-72508-DT

v.                                 HONORABLE LAWRENCE P. ZATKOFF

STATE OF MICHIGAN,

        Respondent.

_____/

## OPINION AND ORDER DISMISSING PETITION
## FOR WRIT OF HABEAS CORPUS

        This is a habeas case under 28 U.S.C. § 2254.  Ray Anthony Eddington ("Petitioner") is a state prisoner currently confined at the Charles Egeler Reception and Guidance Center Annex in Jackson, Michigan.  Petitioner was convicted of assault with intent to murder and possession of a firearm during the commission of a felony following a bench trial in the Recorder's Court for the City of Detroit (Wayne County Circuit Court) in 1992.  He was sentenced as a fourth habitual offender to 250 to 500 months imprisonment on the assault conviction and a consecutive term of two years imprisonment on the felony firearm conviction.

        Petitioner initially submitted two habeas petitions challenging his 1992 convictions.  The cases have now been consolidated into the present action.  In his combined pleadings, Petitioner raises claims concerning the sufficiency of the evidence, his jury trial waiver, the denial of his post-conviction motion seeking re-sentencing, the habitual offender proceedings, and the effectiveness of sentencing and appellate counsel.  For the reasons set forth below, the Court dismisses without prejudice the petition for writ of habeas corpus.

II.   <u>Analysis</u>

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first

exhaust all state remedies.  *See O"Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners

must give the state courts one full fair opportunity to resolve any constitutional issues by invoking

one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155,

160 (6th Cir. 1994).  A Michigan prisoner must raise each issue he seeks to present in a federal

habeas proceeding to the state courts.  Each issue must be presented to both the Michigan Court of

Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement.  *See Welch v.

Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); *see also Hafley v. Sowders*, 902 F.2d 480, 483

(6th Cir. 1990).  The burden is on the petitioner to prove exhaustion.  *Rust*, 17 F.3d at 160.

Petitioner has not met his burden of demonstrating exhaustion of state court remedies.

Petitioner admits that he did not raise his jury trial waiver claim in the Michigan courts.[1]  Petitioner

has available remedies in the Michigan courts which must be exhausted before proceeding in federal

court.  For example, he may file a motion for relief from judgment pursuant to Michigan Court Rule

6.500 with the trial court and pursue his claims through the state appellate courts as necessary.

Federal habeas law provides that a habeas petitioner is only entitled to relief if he can show

that the state court adjudication of his claims resulted in a decision that was contrary to, or involved

an unreasonable application of, clearly established federal law as determined by the Supreme Court

of the United States.  *See* 28 U.S.C. § 2254(d).  If this Court were to review the claims presented,

such an action would deny the state courts the deference to which they are entitled under 28 U.S.C.

§ 2254.  The state courts must first be given a fair opportunity to rule upon all of Petitioner's claims

---

[1]It is unclear whether Petitioner properly exhausted his ineffective assistance of counsel
claims in the state courts.  Submission of claims to state's highest court on discretionary review
does not constitute "fair presentation" when such review is granted only upon "special and
important reasons."  *Castille v. Peoples*, 489 U.S. 346, 349 (1989).

before he can present those claims to this Court.  Otherwise, the Court is unable to apply the standard found at 28 U.S.C. § 2254.

III.    Conclusion

     For the reasons stated, the Court concludes that Petitioner has not fully exhausted his state court remedies.  Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the petition for writ of habeas corpus.  The Court makes no determination as to the merits or timeliness of Petitioner's claims.

     **IT IS SO ORDERED**.


                    s/Lawrence P. Zatkoff
                    LAWRENCE P. ZATKOFF
                    UNITED STATES DISTRICT JUDGE

Dated:  July 25, 2006

CERTIFICATE OF SERVICE

     The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on July 25, 2006.


                    s/Marie E. Verlinde
                    Case Manager
                    (810) 984-3290